**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRIKOR GUZELIAN, | No. 11-71295 |
| Petitioner, | Agency No. A078-440-630 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Krikor Guzelian, a native and citizen of Lebanon, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998), and we deny the petition for review.

Guzelian does not challenge the agency's dispositive finding that his asylum application was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We reject Guzelian's humanitarian asylum contention because it is foreclosed by the agency's time-bar determination.

Substantial evidence supports the agency's finding that Guzelian failed to establish past persecution because Guzelian failed to show the harm he suffered during the civil war in Lebanon occurred, even in part, on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1077 (9th Cir. 2004) (requisite nexus established based on both petitioner's belief and persecutor's use of derogatory slur). Substantial evidence also supports the agency's finding that Guzelian failed to establish that he more likely than not would be persecuted upon his return to Lebanon. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (petitioner's return trips and similarly-situated family members' continued

presence in country undermined claim of fear of future persecution for purposes of withholding). Accordingly, Guzelian's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Guzelian failed to establish it is more likely than not he will be tortured if returned to Lebanon. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Guzelian fails to overcome the presumption that the agency reviewed the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**